UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER F. PAYNE,<br>CDCR # CC-6128,<br><br>                              Plaintiff,<br><br>        v.<br><br>CITY OF SAN DIEGO, LA MESA<br>POLICE DEP'T, CITY OF LA MESA,<br><br>                              Defendants. | Case No.:  3:26-cv-0379-BTM-KSC<br><br>**ORDER DISMISSING CIVIL<br>ACTION FOR FAILURE TO PAY<br>FILING FEES REQUIRED BY<br>28 U.S.C. § 1914(a) OR MOVE TO<br>PROCEED IN FORMA PAUPERIS<br>PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[ECF NO. 1]** |

Plaintiff Christopher Payne, an inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (*See* ECF No. 1.)  Plaintiff alleges Defendants violated his constitutional rights by declining to approve him for "mental health diversion," related to a criminal case.  (*See id.*)  As discussed below, the action must be dismissed without prejudice.

## I.    FAILURE TO SATISFY FILING FEE REQUIREMENT

The action must be dismissed because Plaintiff has not paid the filing fee or moved to proceed *in forma pauperis* ("IFP").  All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas

26-cv-379

corpus, must pay a total filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  A civil action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Nonetheless, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Because Plaintiff has neither prepaid the $405 fee required to commence this civil action, nor submitted an IFP Motion, his case cannot proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.    CONCLUSION

Accordingly, the Court:

(1)    **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 fee or to submit a Motion to Proceed IFP.

(2)    **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $405 in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the six-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).[2]

---

[1]    In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id*.

[2]    Plaintiff is cautioned that—even if he pays the full $405 civil filing fee or submits a properly supported Motion to Proceed IFP—his Complaint will be subject to an initial review. His complaint may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to

(3)   **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience.  Should Plaintiff neither pay the $405 filing fee in full nor sufficiently complete and file the attached Motion and Declaration to Proceed IFP by **May 8, 2026**, the Clerk of the Court will enter judgment dismissing this action.

**IT IS SO ORDERED.**

Dated:  March 23, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

26-cv-379